COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-109-CR
  
  
KIRK VINCENTE CHAVEZ                                                       APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
was convicted by a jury of aggravated assault causing serious bodily injury and 
sentenced to twenty years’ confinement and a $10,000 fine. In an unpublished 
opinion, this court reversed the judgment and remanded the case to the trial 
court for a new trial. Chavez v. State, No. 2-01-00345-CR (Tex. 
App.—Fort Worth Jan. 16, 2003, pet. ref'd) (not designated for 
publication).  On remand, appellant pled guilty pursuant to a plea bargain, 
and on November 19, 2003, the trial court sentenced him to eight years’ 
confinement in accordance with the plea bargain.  Appellant did not file a 
motion for new trial. On March 10, 2004, he filed a notice of appeal.
        On 
March 18, 2004, we sent appellant a letter explaining our concern that we lacked 
jurisdiction over his appeal and informing him that the appeal would be 
dismissed for want of jurisdiction unless he or any party desiring to continue 
the appeal filed on or before March 29, 2004 a response showing grounds for 
continuing the appeal.  See Tex. 
R. App. P. 44.3.  We received in response a “Motion to Give Reason 
for Out of Time Appeal or Nunc Pro Tunc Judgment” in which appellant contends 
that Texas Department of Criminal Justice, Institutional Division records show 
that he is serving both the twenty-year and eight-year sentences for the 
aggravated assault, rather than just the eight-year sentence that he 
plea-bargained for on remand.
        Appellant’s 
response does not state grounds indicating that this court has jurisdiction over 
his appeal.  Appellant’s notice of appeal was due on or before December 
19, 2003.  See Tex. R. App. 
P. 26.2(a).  Because appellant did not timely file his notice of 
appeal, we do not have jurisdiction over this appeal.  See Slaton v. 
State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State, 
918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Accordingly, we dismiss the 
appeal for want of jurisdiction.  See Tex. R. App. P. 43.2(f).

 
                                                                  PER 
CURIAM
  
  
PANEL D:   LIVINGSTON, 
J.; CAYCE, C.J.; and WALKER, J.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: May 27, 2004


NOTES
1.  See Tex. R. App. P. 47.4.